IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Valenciano, ) | C/A No. 2:14-1889-RBH-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

  Petitioner, Richard Valenciano ("Petitioner"), is a federal prisoner in Federal Correctional Institution Edgefield ("FCI Edgefield") in Edgefield, South Carolina. Petitioner, proceeding pro se and in forma paupers, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence of 210-month term of imprisonment imposed upon him in the United States District Court for the District of New Mexico, on December 4, 1998. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

## PRO SE HABEAS REVIEW

  Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon

---

 [1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is challenging his enhanced sentence, imposed pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), after his guilty plea to violating 18 U.S.C. §§ 922(g), i.e. being a felon in possession of a weapon.[2] Petitioner alleges that he entered his guilty plea, pursuant to a written plea agreement, on December 4, 1998, in the United States District Court for the District of New Mexico, and was sentenced to 210 months imprisonment. Petitioner alleges that he filed a direct appeal, which was dismissed on February 1, 2005, and then filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, which was denied on January 3, 2007. Petitioner alleges that he pursued an appeal of the denial of his § 2255 motion, including a petition for writ of certiorari, which was denied by the United States Supreme Court, on November 3, 2008.

---

[2] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who have three or more previous convictions for committing certain drug crimes or "violent felon[ies]" or who unlawfully possess, among other things, firearms. 18 U.S.C. § 924(e)(1).

Petitioner alleges that he satisfies the savings clause of § 2255(e) and the criteria of In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), so as to proceed with the instant habeas petition pursuant to 28 U.S.C. § 2241.[3] Petitioner alleges that his ACCA sentence enhancement was based on a prior conviction of escape, in violation of 18 U.S.C. § 751(a). Petitioner alleges that, at the time of his conviction, settled law of the United States District Court for the District of New Mexico and the United States Tenth Circuit Court of Appeals established the legality of the conviction, but, subsequent to his direct appeal and first § 2255 motion, the Tenth Circuit, in United States v. Charles, 576 F.3d 1060, 1063 (10th Cir. 2009), interpreted Chambers v. United States, 555 U.S. 122 (2009), which held that certain types of escapes are not violent felonies within the meaning of the ACCA, to find that Petitioner's escape conviction likely no longer constituted a violent felony.  Petitioner alleges that he cannot satisfy the gate-keeping provision of § 2255 because the new rule is not one of constitutional law, citing United States v. Shipp, 589 F.3d 1084, 1089 (10th Cir. 2009) ("Chambers does not present a new constitutional rule of criminal procedure, but rather a substantive rule of statutory interpretation.").[4]

---

[3] The "savings clause" of § 2255 states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[4] A second or successive § 2255 petition is prohibited unless the second or successive petition meets the "gate-keeping requirement" of § 2255(h), i.e. it must be certified as provided in section 2244 by a panel of the appropriate court of appeals to

3

Petitioner alleges that his escape conviction, does not constitute a violent felony under the ACCA's residual clause, and that his plea agreement and plea hearing must be examined, pursuant to Descamps v. United States, 133 S.Ct. 2276 (2013), which clarified that the modified categorical approach should be used to analyze offenses such as 18 U.S.C. § 751(a).[5] Petitioner also alleges that Begay v. United States, 128 S.Ct. 1581 (2008) is applicable to his situation as well.[6]

Petitioner asks that his sentence be reduced to the ten-year statutory maximum penalty. Petitioner alleges that:

> allowing Petitioner's above statutory-maximum claim to proceed in a § 2241 petition through § 2255(e)'s savings clause and allowing the § 2241 court to

contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

---

[5] In Descamps v. United States, 133 S.Ct. 2276 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that Descamps is not retroactive to cases on collateral review. See Williams v. Ziegler, 2013 WL (S.D.W.Va. Dec. 30, 2013); United States v. Sanders, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); Roscoe v. United States, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); Reed v. United States, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); Landry v. United States, 2013 WL 5555122(W.D.Tex. Oct. 4, 2013).

[6] In Begay, the United States Supreme Court ruled that a DUI is not categorically an ACCA violent felony. Begay, 553 U.S. 137, 147 (2008).

4

reduce Petitioner's sentence to the statutory maximum penalty do not undermine the collateral-relief structure built by Congress in § 2255. Any challenge to a sentence that is already below the authorized statutory maximum could not open the § 2255(e) portal. See Bryant v. Coleman, 738 F.3d 1253 (11th Cir. 2013).

Petition, ECF No. 1, p. 16.

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 805 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Further, a § 2255 motion must be brought in the sentencing court. In contrast, a petition for writ of habeas corpus under § 2241 by a federal prisoner "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention,'" Brown v. Rivera, 2009 WL 960212 at * (D.S.C. April 7, 2009), and must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426 (2004).[7] Because Petitioner is currently incarcerated in the District of South Carolina, this § 2241 petition was properly filed in this Court. However, the threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Only if a federal prisoner can satisfy the savings clause of § 2255, may he pursue relief through a § 2241 habeas petition. See San-Miguel v. Dove, 291 F.3d 257, 260-61

---

[7] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself").

5

(4th Cir. 2002); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).  The fact that relief under § 2255 is barred procedurally or by the gate-keeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective.  In re Jones, 226 F.3d at 332; Chisholm v. Pettiford, 2006 WL 2707320 at *2 (D.S.C. Sept. 18, 2006); Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.) aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938 (2002).  To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in Jones, 226 F.3d at 333-34.  The test provided in In re Jones requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.  Id.

The Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences.  See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).  Recently, in Whiteside v. United States, No. 13-7152, 2014 WL 1364019, at *8 (4th Cir. Apr. 8, 2014), the Fourth Circuit held that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review" in a § 2255 action.  Whiteside further noted

an Eleventh Circuit opinion, Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), which permitted a federal inmate to bring a § 2241 petition challenging the legality of a sentence. Whiteside, 2014 WL 1694019 at *27, n. 4. However, citing Poole, the Whiteside court stated "[w]e expressly do not decide whether the savings clause in § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition." Thus, the Fourth Circuit has not overruled Poole to date.

Petitioner does not allege that the conduct for which he was sentenced, i.e. being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g), was rendered non-criminal by any substantive law change since the filing of his direct appeal. Further, Petitioner does not allege that he is or was factually innocent of his predicate escape conviction, which, together with two other previous convictions for a violent felony or serious drug offense, would have had to be considered by the sentencing court under 924(e), resulting in Petitioner's ACCA sentence enhancement. As previously noted, case law indicates that the Supreme Court has not declared Descamps retroactive on collateral review. See Williams v. Zeigler, 2014 WL 201713, at *2 n. 3 (S.D.W.Va. Jan. 17, 2014); but see United States v. McCloud, 2014 WL 1370333, at *2 (W.D. Va. Apr. 8, 2014) (nothing that, while Descamps has not been made retroactive to cases on collateral review, "it is apparently the current policy of the Department of Justice to refrain from asserting that Descamps is not retroactive..."). Thus, Petitioner does not satisfy the Fourth Circuit's requirements for invoking § 2255's savings clause. See In re Jones, 226 F.3d at 333-34.

Petitioner has not demonstrated and cannot demonstrate that § 2255 is inadequate or ineffective such that he can resort to § 2241 to challenge his ACCA sentence. The undersigned finds that Petitioner's challenge to the validity of his sentence based upon

Chambers v. United States, 555 U.S. 122 (2009), Begay v. United States, 128 S.Ct. 1581 (2008), and Descamps v. United States, 133 S.Ct. 2276 (2013) does not meet the requirements of the saving clause.  See Chambers v. United States, 2013 WL 171091 at *3 (W.D.N.C. Jan. 16, 2013) (finding that petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in Jones); Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his conviction); Moon v. United States, 2012 WL 6212616 at *2 (D.S.C. Dec. 13, 2012) (since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a § 2241 petition).

## RECOMMENDATION

Based on the foregoing, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return.  Petitioner's attention is directed to the important notice on the next page.


June 2, 2014                                           s/Bruce Howe Hendricks
Charleston, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).